IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBERT D. FISHER,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-289**          (Cir. Ct. of Mineral Cnty. Case No. CC-29-2024-P-30)

**WEST VIRGINIA LEGISLATURE and**
**MINERAL COUNTY OFFICE OF PROSECUTOR,**
**Defendants Below, Respondents**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Robert D. Fisher ("Mr. Fisher") appeals the Circuit Court of Mineral County's July 1, 2024, order dismissing his Motion to Remove Petitioners [sic] from West Virginia Sex Offender Registry Pursuant to Violation of Ex Post Facto Principles and Law as Applied. Respondents West Virginia Legislature and the Mineral County Prosecutor's Office filed responses.[1] Mr. Fisher filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is vacated, and this case is remanded to the circuit court with instructions to enter a dismissal order based on Mr. Fisher's lack of standing.

Mr. Fisher was convicted of a variety of sex offenses in 1998. Mr. Fisher began this action by filing a petition to be removed from the registration requirements of the Sex Offender Registration Act ("SORA") set forth in West Virginia Code §§ 15-12-1 to 15-12-10. In his petition, Mr. Fisher claimed that SORA did not exist at the time of his sex offense convictions and therefore, claimed that SORA's requirements to register and provide information to the West Virginia State Police and the punishments for failing to do so violate "the Ex Post Facto Clause within the United States Constitution." In his petition, Mr. Fisher named the State of West Virginia and the "WV Legislature" as defendants. The Legislature did not file a pleading or other document in the circuit court. The Mineral

---

[1] Mr. Fisher is self-represented. The West Virginia Legislature is represented by John B. McCuskey, Esq., Attorney General, Michael R. Williams, Esq., and David E. Gilbert, Esq. The Mineral County Office of Prosecutor is represented by Gaynor L. Cosner III, Esq.

1

County Prosecuting Attorney's Office received a copy of the petition, answered on behalf of the State of West Virginia, and moved to dismiss Mr. Fisher's petition.

At the May 23, 2024, hearing on Mr. Fisher's petition, the circuit court informed Mr. Fisher that his action should have been filed against the West Virginia State Police. The circuit court determined that Mr. Fisher's ex post facto law challenge to SORA was prohibited by binding precedent of the Supreme Court of Appeals of West Virginia ("SCAWV") and on July 1, 2024, entered an order dismissing Mr. Fisher's action.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (citing Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

On appeal, Mr. Fisher asserts two assignments of error: (1) the provisions of SORA, as applied to him, violate federal and state constitutional protections from ex post facto laws; and (2) the circuit court judge acted in an inappropriate manner when conducting the May 23, 2024, hearing on Mr. Fisher's petition and did not follow proper courtroom procedures to ensure an adversarial process. In response, the Legislature and the Mineral County Office of Prosecutor raise an issue that we find dispositive of this appeal. Respondents assert that Mr. Fisher lacked standing to bring this action against them, thus defeating the circuit court's subject-matter jurisdiction. We agree.

Initially, we note that Respondents raise the issue of standing and lack of jurisdiction for the first time on appeal. However, it is well-settled that "[s]tanding is a jurisdictional requirement that cannot be waived, and may be brought up at any time in a proceeding." *Pavone v. NPML Mort. Acquisitions, LLC*, 246 W. Va. 418, 421, 874 S.E.2d 21, 24 (2022) (citing Franklin D. Cleckley, Robin J. Davis & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b), at 21 (Supp. 2004); *see also State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 256, 496 S.E.2d 198, 206 (1997) (noting that "standing is an element of jurisdiction over the subject matter").

The SCAWV has explained that "Article VIII, Section 6 of the West Virginia Constitution establishes that there must be a justiciable case or controversy—a legal right claimed by one party and denied by another—in order for the circuit court to have subject matter jurisdiction." *State ex rel. HealthPort Techs., LLC v. Stucky*, 239 W. Va. 239, 242, 800 S.E.2d 506, 509 (2017). "In part, this means the party asserting a legal right must have standing to assert that right." *Id*. Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Id.* (citing *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 94, 576 S.E.2d 807, 821 (2002)).

The SCAWV has articulated the elements of standing:

Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

Syl. Pt. 2, *Doering v. City of Ronceverte*, 228 W. Va. 147, 718 S.E.2d 497 (2011) (quoting Syl. Pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.,* 213 W.Va. 80, 576 S.E.2d 807 (2002)).

In this case, we find that Mr. Fisher did not satisfy the second and third elements of standing. First, there is no causal connection between Mr. Fisher's alleged injury and the conduct of the Legislature. Because the alleged injury must be traceable to the challenged action, "[w]hen a defendant has no role in enforcing the law at issue, it follows that the plaintiff's injury allegedly caused by that law is not traceable to the defendant." *Disability Rts. S. C. v. McMaster*, 24 F.4th 893, 902 (4th Cir. 2022). Here, Mr. Fisher cannot trace his injury to the Legislature because the Legislature merely enacted the statutes – it has no role in enforcing SORA. SORA is enforced by the West Virginia State Police. *See* W. Va. Code § 15-12-2 (2024).

Secondly, Mr. Fisher's alleged injury will not be redressed through a favorable decision of the circuit court. Mr. Fisher asserts that certain provisions of SORA as applied to him violate constitutional protections against ex post facto laws and therefore, he should be released from any further registration requirements and removed from the registry. However, neither the Legislature nor the Mineral County Office of Prosecutor has authority to release Mr. Fisher from further registration requirements or remove Mr. Fisher from the registry because the registry is administered and maintained by the West Virginia State Police. *See* W. Va. Code § 15-12-2(d) (2024) (a person required to register shall register at the West Virginia State Police) and W. Va. Code § 15-12-2(h) (2024) (the West Virginia State Police shall maintain the registry).

For the foregoing reasons, we find that Mr. Fisher lacks standing to maintain this action against the Legislature and the Mineral County Office of Prosecutor[2] and therefore, the circuit court lacked subject matter jurisdiction to enter the July 1, 2024, order.[3]

Accordingly, we vacate the Circuit Court of Mineral County's July 1, 2024, order and remand to the circuit court to enter a dismissal order based on Mr. Fisher's lack of standing.

Vacated and Remanded.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[2] As noted above, in his initial petition, Mr. Fisher named the State of West Virginia and the West Virginia Legislature as defendants. However, in its final order, the circuit court styled the defendants as the WV Legislature and the Mineral County Office of Prosecutor.

[3] Having found that Mr. Fisher lacks standing to bring this action, we will not address the merits of his appeal.